**Kyle and Polly McCONNELL, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 2256.**

United States District Court
E. D. Tennessee,
Northeastern Division.
Jan. 23, 1969.

John S. McLellan, Shelburne Ferguson, Jr., Kingsport, Tenn., A. Frank Cafferky, Washington, D. C., for plaintiffs.

Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., Eugene Sayre, Department of Justice, Tax Division, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action by the plaintiffs seeking recovery of income taxes which they claim they overpaid for the calendar years 1963, 1964 and 1965. The Court's jurisdiction is invoked under 28 U.S.C. § 1346(a) (1) and, as to these plaintiffs, is not disputed.

These plaintiffs undertake to maintain this suit as a class action, on the grounds that the class of which they are members is so numerous that joinder of all members is impracticable, that there are questions of law or fact common to the class, that the claims of the plaintiffs, as representatives of the class, are typical of the claims of the class, and that the plaintiffs will fairly and adequately protect the interests of the class.

Rule 23(a), Federal Rules of Civil Procedure. The Court is now required to determine by order whether this action shall be so maintained. Rule 23(c) (1), *supra*. An apparent case of first impression is presented.

■ Conceding *arguendo* that the plaintiffs and other striking employees of Kingsport Press, Inc. and their respective spouses may be members of the same class, before any taxpayer may maintain any action to recover any internal revenue tax alleged to have been erroneously or illegally assessed or collected, it is an absolute and indispensible prerequisite that such taxpayer shall have filed a claim for refund or credit with the Secretary of the Treasury or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof. 26 U.S. C. § 7422(a).

This serves to advise the appropriate internal revenue officials of the claims intended to be asserted by the taxpayer, so as to insure an orderly administration of the revenue. United States v. Felt & Tarrant Mfg. Co. (1930), 283 U.S. 269, 272, 51 S.Ct. 376, 75 L.Ed. 1025, 1027 [1]. " * * * It is vital to the functions of government that taxes be collected promptly and if errors are made, that they be expeditiously corrected. To this end the statute requires the taxpayer to make a timely charge of overpayment with grounds therefor, that the government may make investigation and refund the amount due, if any, without being subjected to the delay and expense of litigation * * *." Kales v. United States, C.C.A.6th (1940), 115 F.2d 497, 500, [3], [4], affirmed (1941), 314 U.S. 186, 193, 62 S.Ct. 214, 86 L.Ed. 132, 138.

■ Accordingly, it is the order of this Court that this action not be maintained as a class action, but only as the action of the named plaintiffs to recover taxes.