Michael A. BEARD, Plaintiff,

v.

INTERNAL REVENUE
SERVICE, Defendant.

Civ. 1–85–28.

United States District Court,
E.D. Tennessee, S.D.

Aug. 21, 1985.

Michael Beard, pro se.

John W. Gill, U.S. Atty., Paul M. Predmore, Tax Atty., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

EDGAR, District Judge.

This action is presently before the Court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Jurisdiction of the Court is invoked pursuant to 26 U.S.C. §§ 7422(a) and 6703(c)(2). Plaintiff appears *pro se* before this Court.

Plaintiff in his complaint files a number of claims against the United States Government. First, plaintiff asserts that the Internal Revenue Service ("IRS") illegally assessed back taxes and penalties for the years 1979 and 1980 solely against the plaintiff for taxes due on a joint return filed by plaintiff and his former wife. Plaintiff argues that the Internal Revenue Service should be required to capture one-half of the back taxes and penalties from plaintiff's former wife. Second, the plaintiff seeks an abatement of frivolous return penalties assessed for returns filed in 1980, 1981, and 1982. Plaintiff filed amended returns for these years claiming that money received for his labor was not income under the Sixteenth Amendment. The Government contends, alternatively, that the plaintiff has failed to file this proceeding within the required jurisdictional time limit or that the filed amended returns

were in fact frivolous and therefore not eligible for an abatement. Third, plaintiff seeks abatement for a penalty for an allegedly false W–4 Form but plaintiff provides no facts relating to this form.

The Internal Revenue Service apparently sought payment solely from the plaintiff for the back taxes. In addition, the IRS rejected plaintiff's plea for abatement of the penalties relating to the allegedly frivolous returns. The Court will separately consider the issues relating to the assessment for back taxes, the penalties for the frivolous returns and the penalty for the false W–4 Form.

### I. BACK TAXES FOR YEARS 1979 AND 1980.

▉ The IRS argues that the plaintiff's failure to file a claim for refund for the back taxes assessed for the years 1979 and 1980 bars this suit, pursuant to 26 U.S.C. § 7422(a). An administrative claim for refund is a jurisdictional prerequisite to a refund suit. *McConnell v. United States*, 295 F.Supp. 605, 606 (E.D.Tenn. 1969); *see also Republic Petroleum*, 613 F.2d 518, 524 (5th Cir.1980). The Court sees no indication in the complaint that the plaintiff has ever filed a claim for a refund as required by the statute. Since a party seeking the auspices of the Court must demonstrate that the Court has jurisdiction, *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.*, 469 F.2d 416, 418 (5th Cir.1972), the Court will grant defendant's motion to dismiss on those claims concerning back taxes and assessments for the years 1979 and 1980.

Plaintiff also argues that the IRS inappropriately attempted to collect all taxes relating to the 1979 and 1980 returns solely from the plaintiff and not from the plaintiff's former wife. Given the Court's ruling above, the Court finds it unnecessary to reach this question.

### II. PENALTIES FOR 1980, 1981, AND 1982 TAX YEARS FOR FRIVOLOUS RETURNS.

▉ Defendant argues that 26 U.S.C. § 6703(c)(2) requires that any party seeking a refund for penalties assessed must file a civil proceeding within thirty days of a rejection of an administrative claim. The defendant cites the language of the statute as supporting an absolute bar to a suit if it is not filed within thirty days.[1] The Court cannot agree with defendant's reading of the statute since the gist of subsection (c)(2) is to prevent the Government from proceeding against a plaintiff for any back taxes or penalties in a situation where a partial penalty payment has been made and a claim has been filed with the Internal Revenue Service. The defendant attempts to read too much into the statute by claiming that a failure to file a suit within thirty days after rejection of a claim by the IRS prevents a plaintiff from proceeding with a suit. The Court rejects this reading of the statute.

In the alternative, the defendant argues that as a matter of substantive law the returns filed by the plaintiff were friv-

---

1. 26 U.S.C. § 6703(c) reads as follows:

(c) Extension of period of collection where person pays 15 percent of penalty.—

(1) In general.—If, within 30 days after the day on which notice and demand of any penalty under section 6700, 6701, or 6702 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

(2) Person must bring suit in district court to determine his liability for penalty.—If, within 30 days after the day on which is claim for refund of any partial payment of any penalty under section 6700, 6701, or 6702 is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the person fails to begin a proceeding in the appropriate United States district court for the determination of his liability for such penalty, paragraph (2) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30–day period referred to in this paragraph.

olous. The defendant cites the long-standing proposition that money received for labor is income and subject to the federal income tax. *See Googe v. Secretary of the Treasury,* 577 F.Supp. 758 (E.D.Tenn.1983); *Tibbetts v. Secretary of the Treasury,* 577 F.Supp. 911 (W.D.N.C.1984). Defendant then argues that any attempt to impede the computation of the tax by an individual's failure to provide essential information or by other conduct is subject to the penalties provided in the statute.

■ In the present matter, plaintiff did file returns for the years 1980, 1981, and 1982. Subsequent to the filing of those returns, plaintiff filed proposed amended returns (otherwise known as Forms 1040X), claiming that money received for his labor was not income and therefore was not subject to the federal income tax. The Court first notes that the right to amend income tax returns is a matter of discretion left to the Commissioner of the Internal Revenue Service or his designee. *Evans Cooperage Co., Inc. v. United States,* 712 F.2d 199, 204 (5th Cir.1983). Therefore, under any set of circumstances the Commissioner has wide latitude in determining whether an amended return will even be accepted by the IRS, before then making a determination of whether a return is frivolous.

■ Based on the present record, the Court cannot determine whether the frivolous return statute was also directed at those situations where proposed amended returns are filed. The Court will, therefore, deny defendant's motion to dismiss those claims relating to the request for an abatement of the penalties assessed for the frivolous returns for the years in question.

### III. FALSE W-4 FORM.

Plaintiff seeks a refund of a penalty assessed for filing an allegedly false W-4 Form but recites no facts concerning this form. Therefore, the Court will grant defendant's motion to dismiss this claim.

### IV. CONCLUSION.

The Court finds that the plaintiff has failed to comply with the jurisdictional pre-requisites for a refund for taxes assessed and collected for the years 1979 and 1980 as they relate to the joint return filed by the plaintiff and his former wife. Therefore, the Court will grant the defendant's motion to dismiss concerning claims relating to this assessment. The Court finds that it is unable to make a determination concerning the plea for abatement for penalties assessed for frivolous returns and therefore will deny defendant's motion to dismiss the complaint concerning the allegedly frivolous returns. The plaintiff has recited no facts concerning the penalty assessed for an allegedly false W-4 Form and the Court will grant the defendant's motion to dismiss this claim. An appropriate order will be entered herewith.

ENTER.