Susan P. DALTON, and Bob Warren, Appellants,

v.

UNITED STATES of America, Appellee.

No. 85–2225.

United States Court of Appeals, Fourth Circuit.

Argued July 16, 1986.

Decided Sept. 17, 1986.

Rehearing and Rehearing En Banc Denied Oct. 30, 1986.

Bob Warren and C. Frank Goldsmith, Jr., Marion, N.C., for appellants.

James H. Love (Roger M. Olsen and Glenn L. Archer, Jr., Asst. Attys. Gen., Michael L. Paup, Chief Appellate Section, Tax Div., Gary R. Allen, Tax Div. Washington, D.C., on brief), for appellee.

Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge.

Susan P. Dalton appeals from a summary judgment entered for the United States denying her a refund of a $500 penalty imposed pursuant to 26 U.S.C. § 6702(a)

(1982) for filing a frivolous income tax return in which she claimed a credit for federal military expenditures to which she objected. Bob Warren, the taxpayer's attorney, appeals a judgment imposing sanctions on him of $613.22 pursuant to Fed.R. Civ.P. 11 to reimburse the government for its expense in defending the taxpayer's action. The government questions the jurisdiction of the district court. We hold that the district court had jurisdiction and affirm both judgments.[1]

I

The government asserts that the district court lacked subject matter jurisdiction because the taxpayer did not comply with 26 U.S.C. § 6703(c)(2) (1982) by bringing this action within 30 days after her claim for refund of the penalty was denied.[2] The taxpayer contends that the 30–day provision of section 6703(c)(2) pertains only to collection of the penalty and that in any event the Internal Revenue Service extended the time for bringing suit.

The record discloses that the chief of the examination branch of the Memphis Service Center wrote the taxpayer on January 22, 1985, that her claim for a refund of the penalty had been denied and that she could bring suit to recover it within 30 days from the date of the letter. Telephone conversations and correspondence between the taxpayer's attorney and officials at the Center culminated in a letter dated March 11, 1985, from the manager of an examination unit granting an extension "to reply to the frivolous assessment" to March 22, 1985. On March 22, the taxpayer filed this action.

The district court held that failure to file an action within 30 days from the denial of the refund did not deprive the court of jurisdiction. It construed section 6703(c)(1) and (2) to provide only that the government could collect the penalty if suit were not brought within 30 days. *Accord Beard v. Internal Revenue Service,* 624 F.Supp. 646, 647 (E.D.Tenn.1985).

We cannot concur in the district court's construction of section 6703(c)(1) and (2). In our view the 30–day requirement for bringing suit is a limitation on the right to seek judicial review of the penalty. It does not pertain merely to the government's right to collect the penalty.

In *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), the Court held that full payment of a tax assessment is a jurisdictional prerequisite to a suit for a refund in the district court. Congress, however, relaxed the full payment requirement by enacting section 6703(c)(1), which permits a taxpayer to contest a penalty imposed by section 6702 by bringing a refund suit after paying only 15% of the penalty. By analogy to *Flora,* payment of the 15% is jurisdictional. *See Thomas v. United States,* 755 F.2d 728 (9th Cir.1985).

Section 6703(c)(2) provides that if the taxpayer fails to comply with the 30–day requirement "paragraph (1) shall cease

---

1. The district court's opinion is reported as *Dalton v. United States,* 56 AFTR 2d 85–6306 (W.D. N.C.1985).

2. 26 U.S.C. § 6703(c)(1) and (2) provides:
 Extension of period of collection where person pays 15 percent of penalty.—
 (1) *In general.*—If, within 30 days after the day on which notice and demand of any penalty under section 6700, 6701, or 6702 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution

 of a proceeding begun as provided in paragraph (2)....
 (2) *Person must bring suit in district court to determine his liability for penalty.*—If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under section 6700, 6701, or 6702 is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the person fails to begin a proceeding in the appropriate United States district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30–day period referred to in this paragraph.

to apply...." Under these circumstances the taxpayer cannot proceed by paying merely 15% of the penalty. The taxpayer must pay the full amount to satisfy the jurisdictional prerequisite recognized in *Flora*. Consequently, we conclude that the 30–day requirement of § 6703(c)(2) is a limitation on the taxpayer's right to seek judicial review by paying only 15% of the penalty.

■ We agree with the district court that the 30–day requirement in section 6703(c)(2) is not jurisdictional. Again, we turn to the law pertaining to refund suits in general to ascertain the intent of Congress with respect to the 30–day requirement for refund suits brought pursuant to 6703(c)(2). Statutes pertaining to refund suits in general provide that six months after paying an allegedly erroneous assessment in full and filing an administrative claim, a taxpayer may bring a suit in the district court for a refund. *See* 26 U.S.C. §§ 6511, 7422, and 6532 and 28 U.S.C. § 1346(a)(1). The taxpayer's action must be filed within two years from the date the Service mails a notice of disallowance unless the notice is waived or the time extended. *See* 26 U.S.C. § 6532(a). This two-year requirement is a period of limitation.

■ Because § 6532(a) is a statute of limitations, the government may be precluded from relying on it in extraordinary circumstances. In *Miller v. United States*, 500 F.2d 1007 (2d Cir.1974), the court allowed a taxpayer to proceed with his refund suit when the Commissioner inadvertently sent a notice that led the taxpayer to believe the two-year deadline had been extended. Similarly, the Court of Claims allowed a refund suit to proceed when the taxpayer, acting reasonably, was "understandably confused" by a second notice of disallowance that inadvertently extended the period of limitations. *Southeast Bank of Orlando v. United States*, 230 Ct.Cl. 277, 676 F.2d 660, 664 (1982).

■ The construction placed on § 6532(a) as a statute of limitations and the principles explained in *Miller* and *South-*

*east Bank* afford sound precedent for allowing the taxpayer to maintain her action. In all three cases the government explicitly extended the time to a date certain in which the taxpayer could act.

We caution that the 30–day limitation in section 6703(c)(2), like the 2–year limitation in § 6532(a) cannot be lightly breached. The taxpayer's inadvertence, neglect, or application for reconsideration of an administrative disallowance will not toll the statute. Moreover, the Service's reconsideration and affirmance of a disallowance will not suffice to extend the time. *Compare* § 6532(a)(4).

We hold only that when an official of the Service explicitly extends the time to a date certain in which the taxpayer can act, the taxpayer's suit is not barred for lack of subject matter jurisdiction. Although our reasoning differs in part from that of the district court, we conclude that it did not err by denying the government's motion to dismiss.

## II

Section 6702(a) of Title 26 U.S.C. imposes a penalty on a person who files a tax return that facially indicates that the self-assessment is substantially incorrect due to a position that is frivolous. Congress envisioned "a 'war tax' deduction under which the taxpayer reduces his taxable income or shows a reduced tax due by that individual's estimate of the amount of his taxes going to the Defense Department budget" as frivolous within the meaning of section 6702(a). *See* S.Rep. No. 494, 97 Cong., 2d Sess. 278, *reprinted in* 1982 U.S.Code Cong. & Admin.News 781, 1024.

■ The taxpayer filed a return in which she claimed a credit for a portion of her tax that she computed would be spent for the military. After receiving notice of the assessment of a penalty for filing a frivolous return, she filed an amended return reflecting the proper tax. The district court found that her advocacy of peace and her opposition to military expenditures are sincere. Nevertheless, for reasons adequately explained by the district court, we con-

clude that the Internal Revenue Service properly imposed the penalty specified in section 6702(a). We recently upheld the imposition of a penalty under substantially similar circumstances in *McKee v. United States*, 781 F.2d 1043 (4th Cir.1986). The principles explained in *McKee* govern the taxpayer's case and fully sustain the judgment of the district court.

### III

■ We also conclude that the district court properly exercised its discretion in imposing sanctions on the taxpayer's attorney. Sanctions are authorized by Fed.R. Civ.P. 11, which was amended in 1983 to emphasize the responsibilities of an attorney and to reinforce "those obligations by the imposition of sanctions." *See* Fed.R. Civ.P. 11 advisory committee note. Rule 11 provides in part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If this provision of the rule is violated, the court "shall impose ... an appropriate sanction." The drafters explain that the standard for determining whether an attorney has discharged the affirmative duty imposed by the rule is "one of reasonableness under the circumstances." It is a standard more stringent than good faith. *See* advisory committee note; *Indianapolis Colts v. Mayor of Baltimore*, 775 F.2d 177, 181 (7th Cir.1985); *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253–54 (2d Cir.1985).

Section 6702(a) clearly established that the taxpayer's return warranted a penalty. Any doubt an attorney harbored about the nature of her war tax credit could be quick-

ly dispelled by reading the legislative history. Moreover, as the district court pointed out, imposition of the penalty had been sustained in a number of cases.

The advisory committee note admonishes:

> The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.

This cautionary note affords no shield to the taxpayer's attorney. The theories he advanced were not creative. They had been uniformly rejected. It was not reasonable to believe that the taxpayer's position was plausible.

### IV

■ For reasons stated in Part III we grant the government's motion for sanctions against the taxpayer and her attorney for prosecuting this frivolous appeal of the judgment denying a refund of the penalty imposed by section 6702(a). *See* Fed.R. App.P. 38. The government does not seek sanctions on account of the appeal brought by the taxpayer's attorney to reverse the judgment imposing Rule 11 sanctions. Consequently, the government's expenses must be prorated.

We remand the case to the district court for determination of the amount to be awarded as sanctions. The government shall recover its costs as taxed by the clerk of this court. The judgments of the district court are affirmed.