818 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
LOCAL UNION NO. 24, INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, Plaintiff--Appellee
v.
DAIGLE ELECTRICAL SERVICE, INC., Defendant--Appellant
 No. 86-2599.
 United States Court of Appeals, Fourth Circuit.
 Argued April 8, 1987.
Decided April 30, 1987.
 
 Charles Osborne Fisher, Jr., for appellant.
 Robert D. Kurnick (Richard M. Resnick; Sherman, Dunn, Cohen, Leifer & Counts, P. C., on brief), for appellee.
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant asserted a patently frivolous defense to plaintiff's suit to enforce an arbitration award. When defendant did not withdraw the defense or respond to plaintiff's motion for summary judgment or even appear at the hearing on the motion, the district court gave judgment for plaintiff and required defendant "and/or" its attorney to pay plaintiff its attorneys fees in the amount of $4,595.50 for plaintiff's attorneys' services in the entire case.
 
 
 2
 Defendant appeals, contending only that the assessment of fees against its attorney was improper. We affirm.
 
 
 3
 While defendant's attorney did not file a notice of appeal, the notice having been given only in the name of defendant, we think that defendant has standing to litigate its attorney's complaint. The order imposing sanctions treated defendant and its attorney as one party. In addition, the failure to vindicate the attorney's interest could adversely affect defendant. Cf. Carey v. Population Services, 431 U.S. 678 (1977); Craig v. Boren, 429 U.S. 90 (1976) .
 
 
 4
 Under F.R. Civ. P. 11, the district court was vested with broad discretion to fashion an appropriate sanction against a party or an attorney representing the party or both. We do not think that this discretion was exceeded in this case. We reject the contention that the sanction under Rule 11 should never exceed the costs attributable to services rendered after an answer asserting a frivolous defense has been filed. Defendant did not make this claim in the district court even though counsel received a copy of the district court's proposed order and did not object, so that the point is not preserved for review. In any event, we think that the district court had the discretion to fix the sanction in the amount of attorney's fees for the entire case.
 
 
 5
 We consider this appeal also to be frivolous and we think that defendant's attorneys should be required to pay plaintiff's attorneys fees for this stage of the proceedings. See Dalton v. United States, 800 F.2d 1316 (4 Cir. 1986); Chu v. Griffith, 771 F.2d 79 (4 Cir. 1985); F.R. App. P. 38. We request the district court, on remand, to receive proofs and fix the amount thereof.
 
 
 6
 AFFIRMED AND REMANDED.