Ronald L. **WILLINGHAM**, Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

No. CIV–1–89–584.

United States District Court,
E.D. Tennessee, S.D.

Feb. 1, 1991.

---

Ronald L. Willingham, pro se.

David M. Katinsky, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

EDGAR, District Judge.

The matter presently before the Court is a motion by defendant United States of America for summary judgment. (Court File No. 15). Plaintiff has not timely filed a response and the Court deems plaintiff to have waived opposition to the motion. *Elmore v. Evans*, 449 F.Supp. 2 (E.D.Tenn. 1976), *aff'd*, 577 F.2d 740 (6th Cir.1978) (unpublished per curiam); LR 10.2, EDTN. The Court has carefully reviewed the record and concludes that the motion for summary judgment should be GRANTED under Fed.R.Civ.P. 56.

Fed.R.Civ.P. 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987); *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir.1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

In *60 Ivy Street Corp.*, 822 F.2d at 1435–36, the Sixth Circuit stated:

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the nonmoving party. *Id.*, 106 S.Ct. at 2510. The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*,

391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question, and not to judge the evidence and make findings of fact. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 106 S.Ct. at 2511.

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir.1990); *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In *Celotex*, the Supreme Court stated that summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of a matter. *Id.* at 327, 106 S.Ct. at 2555. Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989). The party with the burden of proof at trial is required to produce concrete evidence supporting his claims and establishing the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552; *White*, 909 F.2d at 944; *Adcock v. Firestone Tire and Rubber Co.*, 822 F.2d 623, 626 (6th Cir.1987).

▬ The Court has reviewed the record in the light most favorable to plaintiff. Plaintiff filed this cause of action on December 15, 1990, seeking to recover an income tax refund in the amount of $78.52 which he alleges is owed by the Internal Revenue Service ("IRS"). The sum of $78.52 was withheld from plaintiff in income taxes for the 1974 tax year. Plaintiff did not file an income tax return for 1974 and did not otherwise assert a claim for a refund until he filed his 1974 federal income tax return with the IRS on March 16, 1989. The IRS wrote a letter to plaintiff on June 15, 1989, disallowing his claim for a refund because the law does not permit the IRS to refund taxes that are paid more than three years before the filing date of the tax return or refund claim. In other words, once taxes are paid, a taxpayer has three years within which to either file a tax return or some other claim seeking a refund. In the case at bar, plaintiff delayed for approximately fourteen years before he sought to make a claim for a refund of the $78.52. The timely filing of an administrative claim for a refund is a jurisdictional prerequisite to prosecuting a lawsuit in federal district court to obtain a refund. *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir.1987); *Boyd v. United States*, 762 F.2d 1369 (9th Cir.1985); *Beard v. IRS*, 624 F.Supp. 646, 647 (E.D.Tenn.1985); *McConnell v. United States*, 295 F.Supp. 605 (E.D.Tenn.1969). The Court agrees with defendant that it lacks subject matter jurisdiction over the plaintiff's refund claim because plaintiff did not file his claim with the IRS within the applicable time limits.

26 U.S.C. § 6511 provides in part:

**(a) Period of limitation on filing claim.** —Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid....

**(b) Limitation on allowance of credits and refunds.—**

**(1) Filing of claim within prescribed period.**—No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

**(2) Limit on amount of credit or refund.**—

**(A) Limit where claim filed within 3–year period.**—If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

Sections 6511(a) and (b)(2) essentially bar any refund of taxes that were paid more than three years before the claim for refund was filed. In the present case, the plaintiff's taxes were withheld in 1974. The taxes were deemed to have been paid on April 15, 1975. 26 U.S.C. § 6513(b)(1). The taxes were paid more than three years before plaintiff filed his 1974 tax return and refund claim with the IRS on March 16, 1989. The Court, therefore, lacks jurisdiction to consider the complaint and to award plaintiff any refund. *Yuen*, 825 F.2d at 245.

Accordingly, for the reasons stated by the defendant in its memorandum (Court File No. 16), an order will enter granting summary judgment in favor of defendant.

### ORDER

In accordance with the accompanying memorandum, the defendant's motion for summary judgment (Court File No. 15) is hereby GRANTED pursuant to Fed.R. Civ.P. 56. The complaint is DISMISSED WITH PREJUDICE with the parties to bear their own costs.

SO ORDERED.