Before ANDERSON, NORRIS and KOZINSKI, Circuit Judges.

**Dorothy YUEN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 86–2472.

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 1987.*

Decided Aug. 20, 1987.

## PER CURIAM:

Dorothy L. Yuen appeals the decision of the district court dismissing her action for refund of federal taxes. We affirm. Yuen filed joint tax returns with her husband in 1963 and 1964. The Yuens were divorced in 1965. In 1969, the Internal Revenue Service (IRS) filed a tax lien against her property for unpaid taxes from the 1963 and 1964 returns. Yuen paid the entire assessment in June 1970.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

In 1971, Congress enacted Pub.L. No. 91–679, 84 Stat. 2063, (codified as amended at 26 U.S.C. § 6013(e)), which provided that innocent spouses filing joint returns would be relieved from tax liability for omissions from reported gross income attributable to their partners. Because it contained no provision for the revival of barred claims, Pub.L. No. 91–679 applied to any tax year open as of the date of its enactment.

Yuen asserts that in 1971, her representative visited the local IRS office to obtain a refund of the taxes paid in 1970 pursuant to section 6013(e). At that time the IRS allegedly told her representative that no regulations had been adopted yet for processing section 6013(e) claims, but that the IRS was aware of Yuen's "application." Later that year Yuen received a letter from the IRS confirming her prior tax assessments, which letter she believed also confirmed her application for a refund. Yuen did not file a written claim for refund until December 29, 1977, which was after her local IRS office allegedly advised her to file Form 1040X to claim her refund.

Yuen's refund was granted in February 1981, but was subsequently denied in June, and, after administrative proceedings, was completely disallowed. Yuen then filed this action in the United States District Court for the District of Hawaii, but the district court dismissed for lack of subject matter jurisdiction and failure to state a claim.

■ Unless a taxpayer has duly filed a claim for refund of federal taxes with the IRS, a district court is without jurisdiction to entertain a suit for refund, *see Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir.1985); 26 U.S.C. § 7422(a), and a claim is not duly filed unless it is timely. *Northern Life Ins. Co. v. United States*, 685 F.2d 277, 279 (9th Cir.1982); *Crismon v. United States*, 550 F.2d 1205, 1206 (9th Cir.), *appeal dismissed*, 434 U.S. 807 (1977). A claim for a refund must be filed within three years of the time the return was filed or two years of the time the tax was paid, whichever is later. 26 U.S.C. § 6511(a).

■ Yuen claims that she timely filed a claim in 1971 by giving verbal notice to the local IRS office. However, even an informal claim for a refund must have a written component. *Missouri Pac. R.R. Co. v. United States*, 558 F.2d 596, 598, 214 Ct.Cl. 623 (1977); *American Radiator & Standard Sanitary Corp. v. United States*, 318 F.2d 915, 920, 162 Ct.Cl. 106 (1963). Yuen filed her first written claim in 1977, far more than two years after the tax was paid in 1970. Thus, her claim was not timely filed and the district court was without jurisdiction to hear her action for a refund.

■ Yuen further argues, however, that the Tax Reform Act of 1976, Pub.L. No. 94–455, § 2114(a), 90 Stat. 1520, 1907 (the 1976 Act), retroactively extended the time for filing her claim. The 1976 Act granted a limited retroactive application of section 6013(e) to individuals who otherwise qualified for innocent spouse status but were barred by res judicata. Yuen does not qualify under the 1976 Act because her ineligibility for relief is not due to a res judicata bar, but is due solely to her failure to timely file a claim under section 6511. The district court correctly concluded that Yuen failed to state a claim under the 1976 Act.

Finally, Yuen makes various additional arguments against the application of the statute of limitations bar in her case, including estoppel because of the IRS's failure to promulgate regulations under section 6013(e) until 1974, IRS waiver of defects by its consideration of Yuen's claim on the merits, and extension of the deadline for filing by section 6013(e) by reason of its failure to state a time limit. These contentions are meritless.

The judgment of the district court is AFFIRMED.