967 F.2d 597
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry D. ZEGZULA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-35777.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 2, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry D. Zegzula appeals pro se the district court's dismissal of his action for lack of subject matter jurisdiction. Zegzula also appeals the district court's denial of his motion to reconsider its decision.[1] In his action, Zegzula sought refund of taxes allegedly illegally collected and damages. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm. In addition, we award sanctions of $1,500 against Zegzula pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.
 
 
 3
 In his complaint, Zegzula alleged that the United States illegally taxed his compensation for his labor. He alleged that the United States illegally collected taxes from him under duress. Zegzula sought refund of the collected taxes and damages for emotional distress and defamation in connection with the allegedly illegal collection of taxes. He asserted jurisdiction in the district court pursuant to 28 U.S.C. §§ 1346 & 2410, and 26 U.S.C. § 7422.[2]
 
 
 4
 In order to bring a suit for refund of taxes in district court, a taxpayer must pay the tax in full and file an administrative claim for refund. 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422(a); Latch v. United States, 842 F.2d 1031, 1033 (9th Cir.1988). The administrative claim for refund must be filed within two years of payment of the tax or three years of filing the return, whichever is later. 26 U.S.C. § 6511(a); Yuen v. United States, 825 F.2d 244, 245 (9th Cir.1987). An action for refund in district court must be commenced more than six months after the filing of the administrative claim or within two years of the disallowance of the claim by the IRS. 26 U.S.C. § 6532(a)(1). These statutory prerequisites are jurisdictional. Yuen, 825 F.2d at 245.
 
 
 5
 Here, Zegzula failed to allege that he had paid the tax in full, timely filed an administrative claim, and timely commenced his action in district court. See id. Because Zegzula failed to allege these statutory preprequisites to a refund action, the district court correctly determined that it lacked jurisdiction under 26 U.S.C. § 7422 and 28 U.S.C. § 1346 over Zegzula's refund claim. See id.
 
 
 6
 Zegzula also asserted jurisdiction under 28 U.S.C. § 2410. Under section 2410, the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). A taxpayer can only bring a section 2410 action if, at the time the action is commenced, the government still claims a lien or a mortgage on the property. Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). Here, Zegzula failed to allege that the United States had a lien on his property. Further, in his complaint he alleged that the property already had been seized and the taxes had been collected. Accordingly, the district court correctly found that it lacked jurisdiction under section 2410 to hear Zegzula's action. See id.
 
 
 7
 The United States, as sovereign, may not be sued without its consent, and the terms of consent define the court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976). The Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., authorizes suits for damages against the United States, but specifically excludes claims arising from the assessment or collection of taxes. 28 U.S.C. § 2680. Section 7433 of the Internal Revenue Code, 26 U.S.C., authorizes actions for damages against IRS employees for unauthorized collection. Nevertheless, Zegzula failed to allege that he exhausted his administrative remedies before filing his claim for damages in district court as required pursuant to 26 U.S.C. § 7433(d)(1). Accordingly, the district court correctly concluded it lacked jurisdiction over Zegzula's damages claims. See Testan, 424 U.S. at 399.
 
 
 8
 Zegzula also appeals the district court's denial of his motion to reconsider. In his motion, Zegzula merely reiterated the arguments regarding jurisdiction he had asserted in his other pleadings. Thus, the district court correctly denied Zegzula's motion to reconsider. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 9
 The United States requests sanctions against Zegzula for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Zegzula's claims are wholly without merit. Accordingly, we impose $1,500 damages as a sanction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe Zegzula's motion to reconsider as a Rule 59(e) motion because it was filed within ten days of entry of judgment. See Fed.R.Civ.P. 59(e), 6(a). Because a Rule 59(e) motion tolls the time for filing a notice of appeal, we have jurisdiction to review both the denial of the motion to reconsider and the underlying judgment. See Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir.1987)
 
 
 [2]
 In his opening brief, Zegzula argues that the district court had jurisdiction under 26 U.S.C. § 7403. Section 7403 authorizes the Attorney General to bring an action against a taxpayer in district court to enforce a lien, and is clearly not applicable to establish jurisdiction in an action initiated by the taxpayer