967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert M. FISHER, and Elinor C. Fisher, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 91-15910.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1992.
Decided June 19, 1992.
 
 Before CHAMBERS, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals the district court's judgment denying its motion to dismiss for lack of subject matter jurisdiction in holding that Robert and Elinor Fisher had filed an informal claim for a refund of federal income taxes for 1977 and 1978.
 
 
 3
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). However, the district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous. Stock West, Inc. v. Confederated Tribes of Colville Reservation, 873 F.2d 1221, 1225 (9th Cir.1989). An informal claim for a refund is valid under 26 U.S.C. § 7422 and that informal claim must have a written component. Yuen v. United States, 825 F.2d 244, 245 (9th Cir.1987).
 
 
 4
 The Fishers were involved in ongoing negotiations with the IRS over their transactions in the London Metals Exchange. In 1976 they suffered losses and claimed those losses on their income tax forms. In 1977 and 1978 they had gains and paid taxes on those gains. In 1982, the IRS sent them a formal notice of deficiency telling them that the IRS had disallowed the losses and therefore the Fishers owed taxes of $130,380.00 for 1976. The IRS also included a notice of the Fishers' tax overpayment of $17,273.00 for 1977 and $12,992.00 for 1978. When the Fishers filed a petition with the Tax Court seeking a redetermination of the deficiency, they attached the IRS notice of the overassessments. The statute of limitations then ran on the formal claim period.
 
 
 5
 The Fishers contend that when they attached the IRS notice of overassessments to their petition, that was sufficient written notice of their informal claim for a refund. They later perfected that claim by formally filing for a refund.
 
 
 6
 The district court agreed that attaching the IRS notice of overassessments was sufficient to establish written notice of an informal claim for a refund.
 
 
 7
 We affirm.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3