974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert ARMY, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 92-1221.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1992.
 
 Before MERRITT, Chief Judge, and MILBURN and GUY, Circuit Judges.
 
 ORDER
 
 1
 Herbert Army, a pro se Michigan resident, appeals a district court judgment dismissing his tax refund case filed under 28 U.S.C. § 1346. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On May 15, 1991, Army filed a lawsuit in the federal district court seeking a refund of income taxes for the tax years 1979 and 1980. Army proceeded as a pauper in the district court. The Internal Revenue Service (IRS) filed a motion to dismiss for lack of jurisdiction, arguing that Army did not file a timely administrative claim for a refund with the IRS pursuant to 26 U.S.C. § 6511(a) with respect to both his 1979 and 1980 taxes. The IRS also argued that the suit was barred based on the doctrine of sovereign immunity pursuant to 26 U.S.C. § 7422, because this section only waives sovereign immunity where a taxpayer demonstrates that he has fully paid the taxes and has filed a timely claim for a refund.
 
 
 3
 In response to the defendant's motion to dismiss, Army argued that his tax refund action was not barred by the statute of limitations. He also argued that even if it were barred, the IRS was estopped from arguing the limitations defense because he had relied on erroneous information from the IRS regarding the limitations period.
 
 
 4
 The district court dismissed Army's lawsuit as frivolous pursuant to 28 U.S.C. § 1915(d), finding his claim was barred by the statute of limitations as set forth in 26 U.S.C. § 6511(a).
 
 
 5
 Army has filed a timely appeal. His pro se brief is construed as raising the same arguments that he raised in the district court. Both parties have filed briefs.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Army's lawsuit pursuant to 28 U.S.C. § 1915(d). See Denton v. Hernandez, No. 90-1846, 1992 WL 86565, at * 5 (U.S. May 4, 1992); Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). Before a suit for a tax refund can be brought in the federal district court, a taxpayer must first file a timely claim for a refund and pay the tax in question. 26 U.S.C. § 7422(a); Flora v. United States, 362 U.S. 145, 177 (1960); Yuen v. United States, 825 F.2d 244, 245 (9th Cir.1987) (per curiam). A claim for a tax credit or refund must be filed by the taxpayer within three years from the time the tax return is filed or two years from the time the tax is paid, whichever period expires later. 26 U.S.C. § 6511(a).
 
 
 7
 Army did not file a timely claim for a refund with the IRS for either his 1979 or 1980 taxes. Therefore, the district court properly dismissed his case pursuant to 28 U.S.C. § 1915(d).
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.