990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ross BUTLER; Elaine Butler, Plaintiffs-Appellants,
v.
UNITED STATES INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 92-36845.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayers Ross and Elaine Butler appeal pro se the district court's summary judgment in favor of the Internal Revenue Service (IRS) in the Butlers' action seeking the a refund of income taxes paid for the 1983 tax year, and an injunction against future attempts to collect income taxes from them. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand with instructions.
 
 
 3
 The government argues that the district court lacked subject-matter jurisdiction to consider the merits of the Butlers' claims. We agree. The existence of subject-matter jurisdiction is a question of law which we review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990).
 
 
 4
 * Refund Claim
 
 
 5
 In their complaint, the Butlers alleged that the IRS extorted money from them for the 1983 tax year "under the guise of collecting a tax." Although the district court found that the Butlers failed to pursue their administrative remedies, the court addressed the merits of the Butlers' claim before granting summary judgment for the IRS.
 
 
 6
 28 U.S.C. § 1346(a)(1) provides the district court with jurisdiction over civil actions against the United States for a refund of income taxes alleged to have been erroneously or illegally assessed or collected. As a prerequisite to jurisdiction under section 1346(a)(1), however, the taxpayer must (1) fully pay the assessed tax, (2) file an administrative claim, and (3) receive a denial of the claim or wait six months without an answer. See 26 U.S.C. §§ 6532 & 7422(a); Yuen v. United States, 825 F.2d 244, 245 (9th Cir.1987) (per curiam). "Unless a taxpayer has duly filed a claim for refund of federal taxes with the IRS, a district court is without jurisdiction to entertain a suit for refund." Yuen, 825 F.2d at 245.
 
 
 7
 Here, the Butlers failed to show that they had pursued an administrative claim for refund of the income taxes they alleged were wrongfully collected from them. Thus, the district court lacked jurisdiction to consider the merits of their refund claim. See id.
 
 II
 Claim for Injunctive Relief
 
 8
 The Butlers also sought an injunction against the IRS "to stop the illegal attempt to extort additional money under the guise of collecting taxes."
 
 
 9
 The Anti-Injunction Act (Act) provides in relevant part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984). Under a judicial exception to the Act, injunctive relief is available if the taxpayer can show that (1) under no circumstances can the government prevail, and (2) the taxpayer will suffer irreparable harm if the injunction is not granted. Elias v. Connett, 908 F.2d 521, 525 (9th Cir.1990).
 
 
 10
 Here, the Butlers failed to satisfy either prong of the judicial exception to the Act. See id. Thus, the district court also lacked jurisdiction to consider their claim for injunctive relief. See 26 U.S.C. § 7421(a). Because the district court lacked jurisdiction over both of the Butlers' claims, we vacate the district court's summary judgment for the IRS, and remand for entry of an order dismissing the Butlers' action for lack of jurisdiction.
 
 III
 Appellate Sanctions
 
 11
 The IRS requests sanctions against the Butlers for bringing a frivolous appeal. Although we have the discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal, Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988), we decline to do so in this instance.
 
 VACATED AND REMANDED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that dismissal of this action was necessary on jurisdictional grounds, we need not address the district court's discussion of the merits of the Butlers' claims