8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. MUSSER, Plaintiff-Appellant,
v.
UNITED STATES of America; Commissioner of Internal Revenue
Service, Defendants-Appellees.
 No. 92-35264.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert W. Musser appeals pro se the district court's dismissal of Musser's action seeking a refund of his federal income taxes for tax year 1984. The district court concluded that the action was time-barred because Musser failed to file a timely administrative claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Musser filed his 1984 tax return on November 28, 1988, claiming a refund of $25,933.43 based on overpayment of taxes. On January 2, 1989, the IRS notified Musser that it had corrected an error in his tax return and that the amount of overpayment was actually $29,462.91. On February 13, 1989, the IRS notified Musser that his claim for refund had been disallowed on the ground that the claim was filed beyond the statutory limitations period. Musser subsequently filed this action in district court seeking a refund of taxes pursuant to 26 U.S.C. § 7422. The district court dismissed the action on the ground that it was time-barred.
 
 
 4
 Before bringing an action for refund of taxes in district court, a taxpayer must pay the tax in full and file a timely administrative claim for refund. 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422(a); Yuen v. United States, 825 F.2d 244, 245 (9th Cir.1987) (per curiam). An administrative claim for refund must be filed within three years from the time the return was filed or within two years from the time the tax was paid, whichever is later. 26 U.S.C. § 6511(a). These statutory prerequisites are jurisdictional. Yuen, 825 F.2d at 245.
 
 
 5
 The district court held that the three-year limitations period of section 6511(a) applies only when the taxpayer timely files a tax return. Because Musser had not filed a timely return, and because Musser's refund claim was filed more than two years after the tax was paid, the district court found that the claim was untimely.
 
 
 6
 There is a split of authority as to whether the three-year limitations period set out in section 6511(a) applies only to timely returns. Compare Swannack v. IRS, 92-1 U.S. Tax Cas. (CCH) p 50,082 (W.D.Wash. May 30, 1991) (three-year limitations period applies only to timely returns) and Arnzen v. IRS, 91-1 U.S. Tax Cas. (CCH) p 50,020 (W.D.Wash. Dec. 3, 1990) (same) with Becker v. Department of Treasury, 823 F.Supp. 231, 232 (S.D.N.Y.1993) (three-year limitations period applies to late returns) and Mills v. United States, 805 F.Supp. 448, 450 (E.D.Tex.1992) (same). We need not reach this issue, however.
 
 
 7
 Musser's 1984 tax was deemed paid on April 15, 1985. See 26 U.S.C. § 6513(b)(1) & (2). Section 6511(b)(2)(A) provides that a claim for refund filed within the three-year period is limited to that portion of the tax paid within the three-year period, plus any extensions. Musser's claim for refund was filed on November 28, 1988, more than three years after the tax was paid. See 26 C.F.R. § 301.6402-3(a)(5) (federal income tax return requesting refund may be treated as administrative claim for refund). Thus, even assuming that the three-year limitations period applies to late returns and that Musser's claim was therefore timely under section 6511(a), Musser's claim is nevertheless barred by section 6511(b)(2)(A).
 
 
 8
 Musser contends that his overpayment of taxes for 1984 should have been automatically credited as a payment of his estimated taxes for 1985. This argument lacks merit. The election to have an overpayment of taxes credited to the subsequent year must be made within the applicable statutory limitations period for a claim for refund. See 26 U.S.C. § 6402(b), 6513(d); 26 C.F.R. § 301.6402-2(a). For the same reasons that Musser's claim for refund was not timely, as discussed above, his election, which was made in his return filed on November 28, 1988, was also not timely.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Musser also contends that the limitations period for refund claims is unconstitutional because the United States is allowed a longer period to recover erroneously refunded taxes. This argument is meritless