17 F.3d 395
 73 A.F.T.R.2d 94-1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lloyd E. NIELSEN; Donna S. Nielsen, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-15364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lloyd and Donna Nielsen appeal pro se the district court's summary judgment for the United States in the Nielsens' action for a refund of federal income taxes paid for the tax year 1981. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate the district court's judgment and remand with instructions to enter a judgment of dismissal.
 
 
 3
 The United States contends that the district court lacked subject-matter jurisdiction over this action because the Nielsens failed to file their refund claim within the limitations period prescribed in 26 U.S.C. Sec. 6511(a).[1] Whether or not a district court has subject matter jurisdiction is a question of law which we review de novo. Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 344 (9th Cir.), cert. denied, 114 S.Ct. 95 (1993).
 
 
 4
 Before bringing an action for refund of taxes in district court, a taxpayer must pay the tax in full and file a timely administrative claim for refund. 28 U.S.C. Sec. 1346(a)(1); 26 U.S.C. Sec. 7422(a); Yuen v. United States, 825 F.2d 244, 245 (9th Cir.1987) (per curiam). An administrative claim for refund must be filed within three years from the time the return was filed or within two years from the time the tax was paid, whichever is later. 26 U.S.C. Sec. 6511(a). These statutory prerequisites are jurisdictional. Yuen, 825 F.2d at 245.
 
 
 5
 Here, the Nielsens filed their original federal income tax return for 1981 on April 14, 1982. They did not file their amended federal income tax return and request for refund of 1981 taxes until April 9, 1986, almost four years later. The Internal Revenue Service denied the Nielsens' refund claim on the ground that their claim was filed nearly one year past the three-year limitations period set forth in section 6511(a).
 
 
 6
 After the Nielsens filed their complaint in this action, the government filed a motion to dismiss, arguing that the court lacked subject-matter jurisdiction because the Nielsens had failed to file a timely administrative claim for refund. The district court denied the motion, concluding that the three-year limitations period of section 6511(a) did not begin to run until the Nielsens "recognized their potential entitlement to recharacterizing a portion of their 1981 income as temporary disability payments." The government's subsequent motion for summary judgment on the merits was granted.
 
 
 7
 We conclude that the district court erred by finding that the statute of limitations did not bar the Nielsens' claim for refund. The time for filing a claim for refund begins to run when the return is filed or the tax is paid, "not when the taxpayer discovers that the payment was erroneous." United States v. Dalm, 494 U.S. 596, 609 n. 7 (1990). "The very purpose of statutes of limitation in the tax context is to bar the assertion of a refund claim after a certain period of time has passed, without regard to whether the claim would otherwise be meritorious." Id. "That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar." Id. Therefore, since the Nielsens' administrative claim for refund was filed after the limitations period had run, the district court lacked jurisdiction to consider the merits of their action in federal court.
 
 
 8
 When a federal court lacks jurisdiction, dismissal, not summary judgment, is the appropriate disposition. MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987) (per curiam). "If a district court grants summary judgment in a case over which it does not have subject-matter jurisdiction, the court of appeals must vacate the judgment and remand with directions to enter a judgment of dismissal." Id.
 
 
 9
 Accordingly, we vacate the district court's order granting summary judgment for the United States and remand the case with instructions to enter an order dismissing the case for lack of subject-matter jurisdiction.[2]
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government raised this issue below in a motion to dismiss that was denied by the district court. The Nielsens' contention that the government waived this issue by failing to appeal the district court's order denying the motion when it was entered lacks merit. The district court's order was not an appealable final decision because the decision did not end "the litigation on the merits." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988)
 
 
 [2]
 Because we conclude that the district court lacked subject-matter jurisdiction over the action, we do not consider the remainder of the Nielsens' contentions, which address the propriety of the district court's summary judgment