21 F.3d 1111
 73 A.F.T.R.2d 94-1815
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bennett Roy ARNSTEIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-55639.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 11, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bennett Roy Arnstein appeals pro se the district court's dismissal of his petition to recover money seized by the Internal Revenue Service (IRS) for failure to state a claim for relief. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 The government contends that the district court lacked subject-matter jurisdiction over this action because Arnstein failed to file with the IRS a claim for refund of his taxes prior to bringing this action. This contention has merit.
 
 
 4
 The existence of subject-matter jurisdiction is a question of law which we review de novo. Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 344 (9th Cir.), cert. denied, 114 S.Ct. 95 (1993).
 
 
 5
 Before bringing an action for refund of taxes in district court, a taxpayer must pay the tax in full and file a timely administrative claim for refund. 26 U.S.C. Sec. 7422(a); Yuen v. United States, 825 F.2d 244, 245 (9th Cir.1987) (per curiam). "Unless a taxpayer has duly filed a claim for refund of federal taxes with the IRS, a district court is without jurisdiction to entertain a suit for refund." Id.
 
 
 6
 Arnstein alleged that the district court had jurisdiction over his petition under 28 U.S.C. Sec. 1346(a)(1), which provides the district courts with jurisdiction over civil actions against the United States for the recovery of internal revenue taxes erroneously or illegally assessed or collected. Arnstein failed to allege in his petition, however, that he had filed an administrative claim for refund prior to bringing his action, and the record indicates that he did not. The district court therefore lacked subject-matter jurisdiction over his action. See 26 U.S.C. Sec. 7422(a); Yuen, 825 F.2d at 245;.
 
 
 7
 Arnstein argues that his petition was not an action for refund of taxes because he is not subject to the Internal Revenue Code, and, therefore, the money seized from him was not taxes. This argument lacks merit. See 26 U.S.C. Sec. 1; 26 C.F.R. Sec. 1.1-1(a)(1) ("Section 1 of the Code imposes an income tax on the income of every individual who is a citizen or resident of the United States"). We conclude that because Arnstein sought to recover money the IRS seized from his bank account after Arnstein failed to pay his outstanding tax liabilities, Arnstein sought a refund of taxes paid. Cf. Kelly v. Springett, 527 F.2d 1090, 1093 (9th Cir.1975) ("regardless of the form of an action to recover funds seized on an assessment, an absolute prerequisite to its maintenance is the filing of a claim for refund or for a proper credit pursuant to the statutes").
 
 
 8
 The IRS requests sanctions against Arnstein for bringing a frivolous appeal. Although we have the discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal, Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988), we decline to do so in this instance.
 
 
 9
 Because the district court lacked jurisdiction over Arnstein's petition, we vacate the district court's order dismissing this action for failure to state a claim and remand for entry of an order dismissing the action for lack of subject-matter jurisdiction. See Capitol Indus.-EMI, Inc. v. Bennett, 681 F.2d 1107, 1118 (9th Cir.), cert. denied, 455 U.S. 943 (1982).
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3