46 F.3d 1143
 75 A.F.T.R.2d 95-834
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vadakeparambil Mathew MATHEW, Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION; United States Internal
Revenue Service, Defendants-Appellees.
 No. 94-35735.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vadakeparambil Mathew Mathew appeals pro se the district court's dismissal of his action against the Social Security Administration (SSA) and the Internal Revenue Service (IRS). In his action, Mathew sought a refund of the tax imposed by the Federal Insurance Contribution Act (FICA) because the SSA refused to pay him retirement benefits on the ground that he failed to meet the statutory requirement of 40 quarters of coverage to qualify as fully insured. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 On appeal, the government contends that the district court lacked subject-matter jurisdiction over this action because Mathew failed to file a refund claim within the limitations period prescribed in 26 U.S.C. Sec. 6511(a).[1] Whether or not a district court has subject matter jurisdiction is a question of law which we review de novo. Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 344 (9th Cir.), cert. denied, 114 S. Ct. 95 (1993).
 
 
 4
 Before bringing an action for refund of taxes in district court, a taxpayer must pay the tax in full and file a timely administrative claim for refund. 28 U.S.C. Sec. 1346(a)(1); 26 U.S.C. Secs. 7422(a), 6532; Yuen v. United States, 825 F.2d 244, 245 (9th Cir. 1987) (per curiam). An administrative claim for refund must be filed within three years from the time the return was filed or within two years from the time the tax was paid, whichever is later. 26 U.S.C. Sec. 6511(a). These statutory prerequisites are jurisdictional. Yuen, 825 F.2d at 245. The time for filing a claim for refund begins to run when the return is filed or the tax is paid, "not when the taxpayer discovers that the payment was erroneous." United States v. Dalm, 494 U.S. 596, 609 n.7 (1990). "The very purpose of statutes of limitation in the tax context is to bar the assertion of a refund claim after a certain period of time has passed, without regard to whether the claim would otherwise be meritorious." Id. "That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar." Id.
 
 
 5
 Here, Mathew is seeking a refund of taxes paid in 1974, 1975, 1976. Mathew did not file an administrative claim for a refund until 1994, after bringing this action and after the three-year limitations period set forth in section 6511(a). Accordingly, the district court lacked subject-matter jurisdiction, and the action was properly dismissed.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court erroneously construed this case as an action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) and dismissed the action for failure to state a claim upon which relief could be granted. The court found that Mathew had no property right in his Social Security contributions and therefore was not entitled to a refund. In Wages v. IRS, however, we observed that this court "has never recognized a constitutional violation arising from the collection of taxes" and held that the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, forecloses a damages action under Bivens. 915 F.2d 1230, 1235 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991). Nevertheless, we may affirm a district court's dismissal of the complaint on any grounds supported by the record. Gemtel Corp. v. Community Redevelopment Agency of Los Angeles, 23 F.3d 1542, 1546 (9th Cir. 1994)
 
 
 [2]
 Because we conclude that the district court lacked subject-matter jurisdiction over the action, we do not consider the remainder of Mathew's contentions, which address the propriety of the district court's dismissal for failure to state a claim