**Ed VESCUSO, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendant.**

**No. CV 94–1851 H(LSP).**

United States District Court, S.D. California.

March 1, 1995.

---

Ed Vescuso, Escondido, CA, plaintiff, pro per.

Robert H. Plaxico, Asst. U.S. Atty., San Diego, CA, George N. Harris, Jr., U.S. Dept. of Justice, Washington, DC, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

HUFF, District Judge.

### INTRODUCTION

On February 21, 1995, the court heard the defendants' motion to dismiss. Ed Vescuso, in pro per, participated telephonically, and George Harris participated telephonically on behalf of the defendants. Because the court finds sovereign immunity bars the claims, the court grants the defendants' motion to dismiss.

### BACKGROUND

In their motion to dismiss, the defendants assert the plaintiff initiated an action in the United States Tax Court seeking a redetermination of a proposed deficiency in his income taxes for the year 1991. The Tax Court dismissed the action because, after notification, the plaintiff filed to pay the filing fee. The IRS then made an assessment of a delinquent tax against the plaintiff, in the amount of $2,918, and demanded payment.

On April 6, 1994, the plaintiff mailed a check in the amount of $60 to the IRS. On April 8, 1994, defendant Jean Samuels, an employee of the IRS, sent the plaintiff correspondence acknowledging the receipt of the $60 and requesting the remainder of the balance due for the delinquent tax assessment.

On November 16, 1994, the plaintiff filed a form complaint in small claims court against Samuels. The plaintiff alleged the defendant owed him $60 plus punitive damages in the amount of $4,500. On December 6, 1994, the defendants removed the action to federal court.

### DISCUSSION

The plaintiff did not submit papers in opposition to the court. The plaintiff, however, did wish to participate in oral argument before the court. After considering the papers submitted and oral argument, the court finds sovereign immunity bars the complaint.

The court first finds the United States has been properly substituted as the defendant in place of Samuels. Under the Federal Tort Claims Act, the United States shall be substituted in the place of an individual employee if the Attorney General certifies the individual was acting within the scope of her federal employment at the time of the incident giving rise to the complaint. 28 U.S.C. § 2679(d)(1); *Green v. Hall*, 8 F.3d 695, 698 (9th Cir.1993). On December 6, 1994, the Attorney General certified Samuels was acting within the scope of her employment.

The court, therefore, is required to substitute the United States as the defendant. The court also assumes the plaintiff is asserting claims against the Internal Revenue Service. The court, however, finds sovereign

immunity bars the plaintiff's claims against both the United States and the IRS.

■ The United States is immune from suit absent a waiver of sovereign immunity. *Arford v. United States,* 934 F.2d 229, 231 (9th Cir.1991). In the absence of this consent, the court lacks subject matter jurisdiction and must dismiss the complaint. *Clemente v. United States,* 766 F.2d 1358, 1363 (9th Cir.1985). The plaintiff may not avoid this limitation upon the United States' liability by naming as defendants a federal agency. *Holloman v. Watt,* 708 F.2d 1399, 1401–02 (9th Cir.1983); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458, 1460 n. 6 (9th Cir.1985). Claims against an agency are essentially claims against the United States, which are barred by sovereign immunity, absent consent to suit. *Holloman,* 708 F.2d at 1402.

■ The court finds the United States has not consented to suit in these circumstances. In the current action, it appears the plaintiff is contesting the propriety of the tax assessment.

Under 28 U.S.C. § 2410, a plaintiff may join the United States in a quiet title action affecting property in which the United States asserts a lien. *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990). Under section 2410, however, a taxpayer may only contest the procedural validity of the lien and may not use the section to contest the merits of an assessment. *Id.; United States v. Polk,* 822 F.2d 871, 872 n. 1 (9th Cir.1987). The plaintiff has not presented any arguments to the court that the lien is not procedurally valid. Accordingly, the United States has not consented to this suit under section 2410.

If the plaintiff is asserting a claim under the Federal Tort Claims Act, the plaintiff also must comply with the jurisdictional prerequisites, such as filing a timely claim with the appropriate agency. 28 U.S.C. § 2401(b). There is no indication the plaintiff has filed a claim with the IRS. Accordingly, the United States also has not consented to this suit under the FTCA.

Finally, if the plaintiff's action is for a refund of taxes, the court is without jurisdiction unless the plaintiff has filed a timely claim with the IRS and has paid the assessment in full. *Yuen v. United States,* 825 F.2d 244, 245 (9th Cir.1987); *Thomas v. United States,* 755 F.2d 728, 729 (9th Cir. 1985). There is no indication the plaintiff has filed a timely claim or paid the assessment in full. Accordingly, the defendants also are not subject to suit for a refund action at this time.

During oral argument, the plaintiff implied the $60 check sent to the IRS, and made out to the IRS, was in error. The plaintiff implied he intended this check to be sent to the Tax Court for the filing fee. If this is the plaintiff's position and the plaintiff wishes to pursue an action in Tax Court, the plaintiff should petition the Tax Court. If the plaintiff is alleging misappropriation of his funds by Samuels, the plaintiff may seek to file a claim under the FTCA. However, as discussed above, the plaintiff must comply with the jurisdictional prerequisites, such as filing a timely claim, before proceeding with such a claim in this court.

In sum, the court finds sovereign immunity bars the plaintiff's claims against the defendants. Accordingly, the court dismisses the complaint.

IT IS SO ORDERED.