**Mike Ray BARKER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 95-494 H (CGA).**

United States District Court,
S.D. California.

Aug. 11, 1995.

32

Mike Ray Barker, San Diego, CA, pro se.

Robert H. Plaxico, Asst. U.S. Atty., San Diego, CA and John Pirkle, Tax Division, U.S. Department of Justice, Washington, DC for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

HUFF, District Judge.

Plaintiff has filed a complaint requesting a refund of the taxes which he paid to the Internal Revenue Service. The government has responded with a motion to dismiss. Plaintiff has not submitted any papers opposing the motion.

## BACKGROUND

In his one-page complaint, plaintiff states he was discharged from military service for a work-related disability. Plaintiff was awarded a disability severance payment. Plaintiff alleges that this disability payment was improperly taxed by the IRS and now seeks a refund of that tax.

Plaintiff does not state whether he applied for a refund from the IRS. There is nothing in the record to suggest that plaintiff pursued any administrative remedies in this matter.

## DISCUSSION

A 12(b)(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). Finally, courts must construe the complaint in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *NL*

*Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

■ Prior to the commencement of a civil action for a refund of federal taxes, the taxpayer must first pay the tax and then file an administrative claim for a refund. 26 U.S.C. § 7422(a). The district court has no jurisdiction over a refund suit unless the taxpayer has filed for a refund with the IRS. *Yuen v. United States,* 825 F.2d 244, 245 (9th Cir. 1987).

■ In the alternative, the court finds that plaintiff has failed to effect proper service. In order to effect proper service, plaintiff must serve the United States Attorney for the district and the Attorney General in Washington. Fed.R.Civ.P. 4(i). Here, plaintiff mailed a copy of his complaint to the Internal Revenue Service office in Laguna Niguel, California. There is no record that he effected service on the United States Attorney or the Attorney General.

Accordingly, the court grants defendant's motion to dismiss without prejudice plaintiff's claim. The court grants plaintiff thirty days to amend his complaint with sufficient facts to overcome the jurisdictional bar. During that time, plaintiff should also take steps to effect proper service in accordance with Federal Rule of Civil Procedure 4.

IT IS SO ORDERED.